UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

RONALD L. DAVIS,

    Plaintiff,

v.                                                             3:11-cv-248

NURSE DALE HADDEN, et al.,

    Defendants.

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983; plaintiff did not pay the filing fee but sought to proceed *in forma pauperis*. Plaintiff is in the custody of the Tennessee Department of Correction and housed at Morgan County Correctional Complex (MCCX). He alleged various violations of his constitutional rights; the defendants are numerous officials at MCCX. The matter is before the court on various motions filed by the parties.

Plaintiff is a three-striker under the Prison Litigation Reform Act and thus cannot file an action *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As a part of his complaint, plaintiff alleged that he is an insulin-dependent diabetic and that defendants Nurse Dale Hadden, Nurse Practitioner Morris, Health Administrator Dan Walker, and Food Service Manager Anna Cannon have failed to provide him with the proper medical care and diet for his condition, in violation of his Eighth

Amendment right against cruel and unusual punishment. Plaintiff claimed that, as a result, he is in imminent danger of serious physical injury because of his deteriorating health. The court found that plaintiff sufficiently pleaded "a presently existing, continuing imminent danger" with respect to his claims that he is being denied proper medical care and diet for his diabetes, *Vandiver v. Vasbinder*, 2011 WL 1105652 at *2 (6th Cir. 2011) (unpublished decision), and allowed plaintiff to proceed against defendants Hadden, Morris, Walker, and Cannon on those claims without the prepayment of costs or fees or security. The court dismissed the remainder of plaintiff's claims and the remaining defendants without prejudice; plaintiff was advised that if he wanted to pursue those claims and defendants, he had to prepay the entire $350.00 filing fee pursuant to the three-strike rule of 28 U.S.C. § 1915(g). The court also assessed the filing fee and ordered plaintiff's custodian to make monthly payments out of plaintiff's prison trust account in accordance with 28 U.S.C. § 1915(b)(1) & (2).

    Plaintiff has filed a motion to reconsider the court's initial order and argues that the court erred in not allowing all of his claims to go forward. He cites a decision from the U.S. District Court for the Southern District of Ohio in support of his position. Plaintiff does not cite to, nor is the court aware of, any decision by the U.S. Court of Appeals for the Sixth Circuit on this issue. This court is not bound by the decision of another district court and plaintiff's motion to reconsider [Court File No. 4] is **DENIED**.

    Plaintiff has filed a motion to effect service of the summons and complaint upon the defendants. The summons issued and were forwarded to the U.S. Marshals Service for

service prior to plaintiff's motion. The motion to effect service [Court File No. 9] is **DENIED** as **MOOT**.

Plaintiff has filed a motion for a temporary restraining order. Plaintiff has the burden of showing that he will suffer a real and immediate threat of substantial and irreparable injury if an injunction is not issued, and that available remedies at law are inadequate. *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). *Accord Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). At this time, plaintiff has failed to carry that burden and plaintiff's request for injunctive relief [Court File No. 11] is **DENIED**.

Plaintiff has filed a motion to certify this case as a class action on behalf of all persons in the custody of the Tennessee Department of Correction who are insulin-dependent diabetics. Rule 23 of the Federal Rules of Civil Procedure sets forth the prerequisites to a class action and the additional requirements for maintenance of a class action by representative parties. The burden of proving that an action should be certified as a class action is on the party invoking Rule 23. The court finds that plaintiff has not met his burden under Rule 23 and his motion to certify a class action [Court File No. 14] is **DENIED**.

Defendants Cannon, Hadden, and Walker each filed a motion for extension of time within which to answer the complaint and then filed their answer to the complaint. The motions for extension of time [Court File Nos. 10, 16, and 17, respectively] are **GRANTED NUNC PRO TUNC** as of September 1, 2011.

Plaintiff has filed a motion to deny the defendants representation by the Office of the Attorney General for the State of Tennessee. Plaintiff refers to Tenn. Code Ann. § 8-42-

3

103(a), which provides that the Attorney General has discretion to represent state employees in a civil action for damages for acts within the scope of their employment, "except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain." The Attorney General's representation of the defendants is within his discretion and it is up to him to determine whether the defendants' conduct was willful, malicious, or criminal. The motion [Court File No. 15] is **DENIED**.

Plaintiff has filed a motion for leave to file a supplement pleading. The motion [Court File No. 13] is **GRANTED**. Plaintiff has also filed two motions to amend his complaint to add defendants, and another motion to amend his complaint to state the capacity in which the defendants are being sued. Plaintiff's motion to amend to state capacity [Court File No. 23] is **GRANTED**.

In the first motion to amend, plaintiff seeks to add as defendants Nurse Mary Evans and former MCCX Warden David Osborne, and claims that they have refused to issue his daily insulin shots as a prescribed regimen. As to Warden Osborne, plaintiff alleges that he ignored plaintiff's letter concerning the delay in receiving his insulin. The motion to amend [Court File No. 20] is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** as to Nurse Mary Evans. The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendant Evans. The plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of the date of receipt of this Memorandum and Order. At that

4

time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4.

With respect to Warden Osborne, in a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Moreover, simply failing to act after learning of a subordinate's unconstitutional conduct will not impose liability upon a supervisory official. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). *See also Henry v. Pogats*, 1994 WL 462129 at *2 (6th Cir. August 25, 1994) (unpublished decision) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983."). Accordingly, the motion to amend is **DENIED** as to Warden Osborne.

In his second motion to amend, plaintiff alleges that Nurse Melinda (last name unknown) refused to give him his insulin shot in a timely manner and seeks to add her as a defendant. The motion to amend [Court File No. 22] is **GRANTED**. The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendant Nurse Melinda. The plaintiff is **ORDERED** to complete the service packet

5

and return it to the Clerk's Office within twenty (20) days of the date of receipt of this Memorandum and Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4.

Service was returned unexecuted as to defendant Morris with the notation "refused" and plaintiff moves to reissue summons as to that defendant. According to plaintiff, the original summons did not include the defendant's first name. Attached to the motion is a completed service packet for defendant James Morris. Accordingly, the motion to reissue [Court File No. 21] is **GRANTED** and the Clerk is **DIRECTED** to issue the alias summons for James Morris and forward it to the U.S. Marshal for service.

Plaintiff has filed a request to enter default as to defendants Hadden, Morris, Cannon, and Walker. Defendants Hadden, Cannon, and Walker have answered the complaint and Morris has not been served. The request to enter default [Court File No. 24] is **DENIED**.

    **ENTER:**

                                                              s/ Leon Jordan
                                                        United States District Judge